# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 4260 | DATE | 8/19/08 |
| CASE TITLE | Ernest C. Moore (#R-52641) vs. Eric Kellogg, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $20.39 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Dixon Correctional Center. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted until September 15, 2008, to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint by September 15, 2008, will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order.

■ [For further details see text below.]

*Suzanne B. Conlon*
Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $20.39. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

However, the plaintiff must submit an amended complaint. The plaintiff alleges, essentially, that Harvey police officers falsely arrested him, that the Cook County State's Attorney maliciously prosecuted him, that his

**(CONTINUED)**

mjm

defense attorney was ineffective, and that the Cook County and Illinois Departments of Correction have wrongfully imprisoned him.

Many, if not all, of the plaintiff's claims fail to state an actionable claim under 42 U.S.C. § 1983. First, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. The plaintiff may not challenge his conviction by way of a civil rights action.

At any rate, a claim of malicious prosecution is not actionable in federal court. Because the plaintiff has a state-law remedy, there is no constitutional tort for malicious prosecution. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir.), *rehearing and rehearing en banc denied*, 260 F.3d 824 (7th Cir. 2001). In any event, one of the elements of a malicious prosecution claim is that the criminal proceedings ended in the plaintiff's favor. In this case, the plaintiff was convicted of the underlying charges.

Furthermore, the plaintiff may not sue the Cook County State's Attorney for prosecuting him. "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 429-31 (1976).

Defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983); *Chapman v. Burton Berger & Associates, Ltd.*, 159 B.R. 812, 8 (N.D. Ill. 1993), *aff'd* 46 F.3d 1133 (7th Cir. 1995), *cert. denied*, 516 U.S. 853 (1995). If the plaintiff seeks federal review of his criminal conviction on the basis of ineffective assistance of counsel, he must file a petition for a writ of habeas corpus (and only after exhausting state court remedies, *see* 28 U.S.C. § 2254).

The plaintiff's claims against the arresting officers would seem to be time-barred. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Illinois law does not toll the statute of limitations for prisoners. *Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1992); *Alexander v. Lane*, No. 90 C 1568, 1993 WL 539554, *2 (N.D. Ill. Dec. 22, 1993) (Kocoras, J.). Because the IDOC website reflects an October 2003 custody date for the plaintiff, the statute of limitations for any cause of action against the police appears to have expired.

The plaintiff has no viable claim against the Cook County Department of Corrections for wrongful imprisonment. The Illinois County Jail Act, 730 ILCS § 125/4, requires a jail to "receive and confine in such jail,
**(CONTINUED)**

until discharged by due course of law, all persons committed to such jail by any competent authority." The Cook County Department of Corrections was acting as a custodian of the plaintiff and could not release him without a court order. *See Perez-Garcia v. Village of Mundelein*, 2005 WL 991783 (N.D. Ill.) (Conlon, J.), *citing Weinmann v. County of Kane*, 150 Ill.App.3d 962, 104 Ill. Dec. 110, 502 N.E.2d 373 (2nd Dist.1986). Likewise, the Illinois Department of Corrections could not release Plaintiff without a court order. *See, generally*, "Powers and Duties of the Department," 730 ILCS 5/3-2-2. Moreover, neither the Cook County Department of Corrections nor the Cook County Department of Corrections is a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993).

Finally, the plaintiff's myriad claims are improperly joined. To be joined in one lawsuit, claims must involve a common nucleus of facts. The plaintiff must file separate actions against unrelated defendants. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The plaintiff will be given the opportunity to file an amended complaint limited to his claims against the Harvey Police, assuming he can articulate a timely claim against them. The plaintiff is advised that the statute of limitations begins to run for an action alleging an unlawful arrest when the events allegedly happened. *Wallace v. City of Chicago*, 440 F.3d 421, 426-27 (7th Cir. 2006), *aff'd by Wallace v. Kato*, 127 S. Ct. 1091 (2007) (two-year limitations period for false arrest and false imprisonment claim accrues at the time of arrest and imprisonment and not at the time a plaintiff is released from custody).

The amended complaint must drop the Mayor of Harvey and the Harvey Police Department as defendants. The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted until September 15, 2008, to submit an amended complaint on the court's required form. The amended complaint must be limited to any timely claims the plaintiff may have against the individual police officers who allegedly violated his constitutional rights. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply by September 15, 2008, the case will be summarily dismissed, on the understanding that the plaintiff does not wish to pursue his claims in federal court at this time.

*Suzanne B. Conlon*